Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

JOSEPH ROBERT HARRELL,
)
 No. 08-03-00439-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 409th District Court

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)
 

 Appellee.
)
 (TC# 20020D03844)


MEMORANDUM OPINION



 Joseph Robert Harrell attempts to appeal from a judgment adjudicating him guilty of stalking.
Appellant originally entered a negotiated plea of guilty and the trial court deferred adjudication of
guilt and placed Appellant on community supervision for six years. The State subsequently filed a
motion to adjudicate. Appellant entered a plea of true to the State's motion to adjudicate and
stipulated that he had violated the terms and conditions of community supervision as alleged in the
State's motion. The trial court adjudicated Appellant's guilt and sentenced him to imprisonment for
a term of eight years. Finding that Appellant has not complied with Rule 25.2 of the Texas Rules
of Appellate Procedure, we dismiss the appeal.

 Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:

 

 A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant's right of appeal in every case in which it enters a judgment of guilt or
other appealable order. (1) In a plea bargain case--that is, a case in which defendant's
plea of guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant--a defendant may
appeal only:


 (A) those matters that were raised by written motion filed and ruled
on before trial, or


 (B) after getting the trial court's permission to appeal.


Tex.R.App.P. 25.2(a)(2).


 Appellant filed a timely notice of appeal (2) but the notice did not include the trial court's
certification of the defendant's right to appeal as required by Rules 25.2(a)(2) and 25.2(d). The
Clerk's Office notified Appellant's counsel that a certification had not been filed and requested that
Appellant file an amended notice of appeal within thirty days or the appeal would be dismissed
pursuant to Rule 25.2(d). See Tex.R.App.P. 25.2(d)("The appeal must be dismissed if a certification
that shows the defendant has the right of appeal has not been made part of the record under these
rules."). Appellant has not made any response to our inquiry nor has he filed the certification
showing that he has the right of appeal. Accordingly, the appeal is dismissed.



January 29, 2004 
 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)
1. Rule 25.2(d) requires that the trial court certify whether the defendant has a right of appeal under Rule
25.2(a)(2). Tex.R.App.P. 25.2(d).
2. Appellant filed only a general notice of appeal. The record does not contain any rulings on written pretrial
motions, and the record contains an order signed by the trial court denying permission to appeal.